```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 12-589(DSD/LIB)
```

Sandra L. Novak, Paul R. Olson,
Damaris M. Olson, Lisa E. Belflower,
Benjamin P. Carter, Daryl K. Hoffbeck,
Christopher J. Hardy, Wendy K. Richter
and Joan K. Hoffbeck,

        Plaintiffs,

v.                                        **ORDER**

JP Morgan Chase Bank, N.A.,
Chase Home Finance, LLC,
Mortgage Electronic Registration
Systems, Inc., Merscorp, Inc. and
Federal National Mortgage
Association,

        Defendants.

    William B. Butler, Esq. and Butler Liberty Law, LLC, 33
    South Sixth Street, Suite 4100, Minneapolis, MN 55402,
    counsel for plaintiffs.

    Timothy M. Kelley, Esq., Calvin P. Hoffman, Esq. and
    Leonard, Street and Deinard, PA, 150 South Fifth Street,
    Suite 2300, Minneapolis, MN 55402, counsel for
    defendants.

This matter is before the court upon the motion to remand by plaintiffs and the motion to dismiss by defendants. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion to remand is denied and the motion to dismiss is granted.[1]

---

[1] Other judges in this district have dismissed materially identical complaints. See Anderson v. CitiMortgage, Inc., No. 12-230, 2012 WL 3025100 (D. Minn. July 24, 2012) (Montgomery, J.); Johnson v. Deutsche Bank Nat. Trust Co., No. 12-445, 2012 WL
(continued...)

**BACKGROUND**

In this mortgage-foreclosure dispute, plaintiffs Sandra L. Novak, Paul R. and Damaris M. Olson,[2] Lisa E. Belflower, Benjamin P. Cater, Daryl K. and Joan K. Hoffbeck, Christopher J. Hardy and Wendy K. Richter challenge foreclosure-by-advertisement proceedings, or threatened proceedings, by defendants JP Morgan Chase Bank, N.A. and Chase Home Finance LLC. Plaintiffs also sue defendants Mortgage Electronic Registration Systems, Inc. (MERS); MERSCORP, Inc. and Federal National Mortgage Association (FNMA). Each plaintiff executed a promissory note and mortgage of real property in Minnesota. Thereafter, each plaintiff defaulted. The mortgages are in various stages of default, ranging from potential foreclosure to completed sheriff's sale.

Each mortgage defines the term "lender." See, e.g., Compl. Ex. 1, ECF No. 1-1, at 49 ("Lender is Freedom Mortgage Corporation"). Each mortgage contains a covenant by plaintiffs to "pay when due the principal of, and interest on, the debt evidenced by the Note." See, e.g., id. Ex. 1 § 1, ECF No. 1-1, at 51. Each mortgage gives the lender and its successors and assignees the right to "require immediate payment in full of all sums secured by

---

[1](...continued)
2119258 (D. Minn. June 11, 2012) (Frank, J.). The court finds the reasoning of those decisions persuasive.

[2] The parties stipulated to dismissal of the Olsons' claims against defendants. ECF No. 13.

[the mortgage] without further demand" and to "invoke the power of sale and any other remedies permitted by Applicable Law" following a "breach of any covenant or agreement in [the mortgage]" by the borrower. See, e.g., id. Ex. 1 § 22, ECF No. 1-1, at 60.

The promissory note defines lender in the same way as the mortgage. Id. Ex. A, ¶ 1, ECF No. 1-1, at 23 ("The Lender is Freedom Mortgage Corporation.") Unlike the mortgage, the note also defines "note holder": "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under the Note is called the Note Holder." Id.

The court summarizes the relevant details of each transaction from which this action arises.

In December 2007, Novak executed a promissory note and gave a mortgage of real property to MERS as nominee for lender Freedom Mortgage Corporation. Compl. Ex. 1. The Ramsey County Recorder recorded the mortgage. Id. On November 2, 2010, MERS assigned the mortgage to Chase Home Finance. Butler Aff. Ex. 8. On July 22, 2011, Chase Home Finance foreclosed the mortgage. Id. Ex. 9.

In October 2002, Belflower executed a promissory note and gave a mortgage of real property to Central Mortgage Corporation. Compl. Ex. 3. The Dakota County Recorder recorded the mortgage. Id. Thereafter, the mortgage was assigned from Central Mortgage

3

Corporation to Regions Mortgage to JP Morgan Chase Bank to Chase Home Finance. All assignments are recorded. Butler Aff. Exs. 2, 3; Kelley Aff. Ex. 1.

In June 2005, Carter executed a promissory note and gave a mortgage of property to MERS as nominee for lender Southstar Funding. Compl. Ex. 4. The Washington County Recorder recorded the mortgage. Id.

In June 2005, the Hoffbecks executed a promissory note and gave a mortgage of property to Chase Bank USA, N.A. Id. Ex. 5. The Goodhue County Recorder recorded the mortgage. Id.

In April 2007, Hardy and Richter executed a promissory note and gave a mortgage of property to MERS as nominee for lender Integrity Lending, Inc. Id. Ex. 6. The Wright County Recorder recorded the mortgage. Id. On March 9, 2011, MERS assigned the mortgage to Chase Home Finance. Butler Aff. Ex. 6. The Wright County Recorder recorded the assignment. Id. On July 19, 2011, JP Morgan, as successor to Chase Home Finance, foreclosed the mortgage.

The present action began in Minnesota court on February 17, 2012. Plaintiffs seek to quiet title, a declaration that defendants have no right to foreclose and a declaration regarding the right to accelerate. Plaintiffs also claim slander of title. Defendants timely removed. Defendants move to dismiss for failure to state a claim, and plaintiffs move to remand.

**DISCUSSION**

**I. Motion to Remand**

The court must resolve questions of jurisdiction before considering the merits of an action. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). A plaintiff may move to remand an action removed to federal court if "it appears that the district court lacks subject matter jurisdiction" at any time before entry of final judgment. 28 U.S.C. § 1447(c). The removing party bears the burden to establish the existence of subject-matter jurisdiction. See Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). The court "resolve[s] all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Plaintiffs argue that the court lacks jurisdiction under the doctrine of prior exclusive jurisdiction because they brought the action first in state court, and because defendants brought an eviction action against Novak before removal. The doctrine avoids "unseemly and disastrous conflicts in the administration of our dual judicial system" when one court has assumed and retains ongoing in rem or quasi-in-rem jurisdiction. Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195 (1935). "The prior exclusive jurisdiction doctrine holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not

5

assume in rem jurisdiction over the same res.'" Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting Marshall v. Marshall, 547 U.S. 293, 311 (2006)).

The doctrine of prior exclusive jurisdiction does not apply to the present action; the state court is not exercising jurisdiction over this action. This is not a case where parallel proceedings are occurring or where the parties filed independent actions in state and federal court. Instead, a single action exists in federal court following removal. Accord Maves v. First Horizon Home Loans, No. 10-17230, 2011 WL 6256501, at *1 (9th Cir. Dec. 15, 2011) (holding prior-exclusive-jurisdiction doctrine not applicable after removal of quiet title action).

Plaintiffs rely on In re Trust Created by Hill on December 31, 1917 for the Benefit of Schroll (In re Hill), 728 F. Supp. 564 (D. Minn. 1990). But In re Hill is inapposite. It involved trusts, over which "Minnesota courts often have continuing jurisdiction and supervisory responsibilities." Id. at 567 (distinguishing removed actions that did not involve trusts or continuing state-court jurisdiction). The present action bears no resemblance to the trust that the state court exercised jurisdiction over for decades in In re Hill. Cf. id. at 568. Moreover, even if the state court were exercising ongoing in rem jurisdiction in the present action,

Congress expressly allows removal of actions where goods or an estate have come under the control of the state court. See 28 U.S.C. § 1450.

Moreover, the eviction action is unrelated to the instant action. Indeed, the claims that plaintiff assert in this action cannot be raised in an eviction action. See Keller v. Henvit, 18 N.W.2d 544, 547 (Minn. 1945); JBI & Assoc., Inc. v. Soltan, No. A05-1031, 2006 WL 1229484, at *2 (Minn. Ct. App. May 9, 2006).

Plaintiffs next argue that the Torrens statutes give the Minnesota state courts exclusive jurisdiction over Torrens properties. This argument is without merit. "On its face, the statute applies only to 'an application for registration' and 'all proceedings thereunder.' It does not vest the state district court with continuing jurisdiction to hear any claims involving registered property that arise after the registration." Anderson v. CitiMortgage, Inc., No. 12-cv-230, slip op. at 8-9 (D. Minn. Apr. 25, 2012) (Boylan, M.J.), adopted by No. 12-cv-230, slip op. at 1 (May 15, 2012) (Montgomery, J.); see also Olson v. Bank of Am., N.A., No. 11-3710, 2012 WL 1660615, at *3 (D. Minn. Apr. 19, 2012) ("Plaintiffs also contend that because one of the properties is registered under Minnesota's Torrens statute the state court has exclusive jurisdiction over that property. This argument is wholly

7

without merit and deserves no discussion.") Therefore, the doctrine of prior exclusive jurisdiction does not apply, and remand is not warranted.

## II. Motion to Dismiss

### A. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077,

8

1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003). In the present action, the court considers the notes, mortgages, assignments and other foreclosure-related documents as they are necessarily embraced by the pleadings and most are public records.

**B. Quiet Title[3]**

Minnesota law permits persons in possession of real property to "bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. As an initial matter, in Minnesota, "[a]ctions to quiet title and determine adverse claims are equitable actions." Gabler v. Fedoruk, 756 N.W.2d 725, 730 (Minn. Ct. App. 2008) (citing Miller v. Hennen, 438 N.W.2d 366, 371 (Minn. 1989)); Denman v. Gans, 607 N.W.2d 788, 793 (Minn. Ct. App. 2000) ("[W]here the plaintiff is in possession of the property and brings an action to determine an adverse claim to the property, the case is equitable...."); cf. Leggett v. Cole, 3 F. 332, 332 (C.C.D. Minn. 1880) (holding action under predecessor statute to § 559.01 "belongs on the equity

---

[3] Section 559.01 does not concern actions to quiet title; it addresses actions to determine adverse claims. The court follows the nomenclature used by plaintiffs.

docket"). A plaintiff who seeks equity must come into court with clean hands. Santee v. Travelers Ins. Co., 275 N.W. 366, 368 (Minn. 1937).

Plaintiffs in the present action come to court with unclean hands. They defaulted on their mortgage loans by failing to make promised payments. Plaintiffs now live in the houses without making payment, and they seek to declare their mortgages invalid after defaulting. In short, plaintiffs seek equitable relief from an outcome of their own creation. When pressed at oral argument, plaintiffs argued that the actions of banks and MERS during the present housing crisis are even more offensive than their own. But "it is irrelevant whether anyone other than [plaintiffs] acted with 'unclean hands.'" Heidbreder v. Carton, 645 N.W.2d 355, 371 (Minn. 2002). As a result, given their present state of default, plaintiffs cannot state a quiet-title claim, and dismissal is warranted.

Even if a quiet-title action were available to plaintiffs, to state a quiet-title claim, a plaintiff must state facts sufficient to allow the court to draw the reasonable inference that he or she is in possession of property and that a defendant claims a right or title to the property but has no such right or title. See Iqbal, 129 S. Ct. at 1949; Smola v. City of W. St. Paul, 47 N.W.2d 789, 789-90 (Minn. 1951).

Here, plaintiffs claim, "upon information and belief" that defendants have no right or title to the properties "for some or all of the following" possible reasons: the mortgages are not perfected; defendants are not note holders; defendants are not entitled to receive payments under the notes; notices and assignments were not executed by an authorized individual; and the mortgage assignments were invalid. Compl. ¶ 45. On its face, this conclusory allegation fails to state a claim for relief. In the interest of justice, however, the court considers whether the complaint states a claim for any of plaintiffs' possible reasons.

1.  **Perfection of Mortgages**

Plaintiffs first argue that "[t]he mortgages are not properly perfected." Compl. ¶ 45(a). Plaintiffs offer no facts to support this conclusory assertion. Plaintiffs also fail to explain what is required to "perfect" a mortgage in Minnesota or why failure to do so has any effect on foreclosure. To the extent that plaintiffs suggest that the mortgages have not been recorded, the claim is meritless because the record shows that all mortgages were recorded. As a result, plaintiffs fail to state a claim regarding perfection of the mortgages.

2.  **Note Holders and Entitlement to Receive Payments**

Plaintiffs next argue that defendants are not note holders as defined by the original notes and are not entitled to receive payments. See Compl. ¶ 45(b), (c). Specifically, plaintiffs argue

that the foreclosures were invalid because no default occurred by which the power to sell became operative. See Minn. Stat. § 580.02(1).

Construction of a mortgage is a question of law. Bus. Bank v. Hanson, 769 N.W.2d 285, 288 (Minn. 2009). The court must give effect to all language in a mortgage. Id. In general, "where several instruments are executed as part of one transaction, and they are all consistent with each other, they will be read and construed together even if their terms do not refer to each other." Anda Const. Co. v. First Fed. Sav. & Loan Ass'n, Duluth, 349 N.W.2d 275, 278 (Minn. Ct. App. 1984). However, Minnesota courts recognize that "the note and the mortgage are separate and distinct instruments." Id. (quoting Winne v. Lahart, 193 N.W. 587, 588–89 (Minn. 1923)). But see Roemhildt v. Kristall Dev., Inc., 798 N.W.2d 371, 374-75 (Minn. Ct. App. 2011) (noting question of simultaneously executed documents is determined on facts of particular case).

The mortgages unambiguously state that the lender "may require immediate payment in full of all sums secured by [the mortgage] ... and may invoke the power of sale" when a mortgator defaults under the mortgage. Compl. Ex. 1 § 22. Unlike each note, the mortgages define "lender" without reference to holding the note or entitlement to receive payments. No mortgage incorporates the definition of lender from the note. Under the terms of the

12

mortgages, the mortgagees and their assigns are entitled to accelerate and foreclose provided that the assignments are recorded.

Moreover, imposing the note definition of lender upon the mortgage renders the definition of lender — and foreclosure provisions of the mortgage — inoperative. Under Minnesota law, "any mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement." Minn. Stat. § 580.01. The holder of the recorded mortgage is entitled to foreclose and need not be a note holder to do so. Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 497 (Minn. 2009); see Stein v. Chase Home Fin., LLC, 662 F.3d 976, 980 (8th Cir. 2011). Use of different definitions in the note and mortgage shows that the parties know how to restrict the meaning of the term lender to the party holding the note. The parties did not do so in the mortgages. Indeed, placing different requirements on the note holder and mortgage holder is consistent with Minnesota law allowing separation of equitable and legal title. Therefore, plaintiffs' argument fails, and defendants, as the holders of recorded mortgages, are entitled to foreclose.

### 3. Execution of Assignments

Plaintiffs next claim that "upon information and belief, the assignments have not been executed ... as required by Minnesota law." Compl. ¶ 22; see id. ¶ 45(d). On its face, this conclusory

13

statement does not meet the requirements of Federal Rule of Civil Procedure 8, and dismissal is warranted. Moreover, plaintiffs lack standing to challenge the assignment: they are not parties to the assignment and any dispute would be between the assignor and assignee. Therefore, this argument fails.

### 4. Validity of Assignments

Plaintiffs next claim that "upon information and belief, the chain of title to Plaintiffs' Mortgages is broken and Defendants have no, (sic) right, title or interest in Plaintiffs' property." Compl. ¶ 23. Plaintiffs allege that "[t]he Assignments of Plaintiff's (sic) Mortgages were invalid" apparently because "upon information and belief, the assignments ... have not been recorded as required by Minnesota law." Id. ¶ 22; see id. ¶ 45(e). The complaint contains no facts in support of this claim, and this bare conclusory statement does not meet the requirements of Federal Rule of Civil Procedure 8. As a result dismissal is warranted.

Plaintiffs also seek to introduce new facts in the memorandum in opposition and accompanying affidavits, which state that several original lenders entered into pooling and service agreements with other entities. Plaintiffs argue that an unrecorded assignment may exist that renders invalid the recorded assignments. Even accepting the affidavits as necessarily embraced by the pleadings, the pooling and service agreements allow only speculation; they do not allow a plausible inference, especially when defendants present

14

a facially valid record of assignments. As a result, dismissal is warranted.

   C.   **Declaratory Judgment**

      1.   **Pooling and Service Agreements**

Plaintiffs next seek a declaration that defendants have no right to foreclose based on their "information and belief" that the notes and mortgages were assigned into a trust. As the court already noted, the complaint contains only conclusory statements regarding transfer of the notes and mortgages into trusts. The complaint fails to state a claim on its face, and dismissal is warranted.

Moreover, even considering the affidavits and accepting that the original lenders entered into pooling and service agreements, the argument fails because plaintiffs are not parties to those agreements, and lack standing to challenge a purported breach. See Blaylock v. Wells Fargo Bank, N.A., No. 12-693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012). As a result, for this additional reason, plaintiffs are not entitled to a declaration regarding the validity or effect of the alleged trust agreements. Therefore, the complaint fails to state a claim for declaratory relief as to the pooling and service agreements.

      2.   **Acceleration of Payments**

Plaintiffs next seek a declaration regarding the right to accelerate payments. Any dispute about acceleration and sale is

between the note holder and mortgage holder; plaintiffs lack standing to challenge such potential disputes. See Jackson, 770 N.W.2d at 550. Moreover, the complaint contains no facts or allegations suggesting that defendants accelerated balances. Therefore, plaintiffs fail to state a claim, and dismissal is warranted.

**D. Slander of Title**

Plaintiffs next claim slander of title. To state a claim for slander of title, a plaintiff must allege facts that show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920).

In the present case, plaintiffs fail to allege facts from which the court could infer that defendants made a false statement, that defendants acted with malice or that plaintiffs suffered any pecuniary damages from the publication of amounts due on their mortgages. Therefore, plaintiffs fail to state a claim, and dismissal is warranted.

16

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to remand [ECF No. 10] is denied;

2. The motion to dismiss [ECF No. 4] is granted; and

3. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated;  August 23, 2012

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court